UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BROTHERHOOD MUTUAL INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:21-cv-00007-HAB-SLC ) |
| **CHURCH MUTUAL INSURANCE COMPANY, S.I.,** | ) ) ) ) |
| Defendant. | ) |

## OPINON AND ORDER

Before the Court is a motion filed by Defendant on February 26, 2021 (ECF 22), seeking the Court's leave to file a sur-reply in opposition to Defendant's motion to remand (ECF 9). Plaintiff filed a response in opposition to the motion on March 9, 2021. (ECF 23). Defendant did not file a reply, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Accordingly, the matter is ripe for ruling. For the following reasons, Defendant's motion (ECF 22) is GRANTED.

*A. Background*

By way of background, Plaintiff initiated this matter on January 8, 2020, in the Allen County Superior Court, seeking a declaratory judgment declaring that a dispute arising from the extent of liability coverage during the COVID-19 pandemic is not subject to an arbitration clause of a 2017 settlement agreement entered into by the parties.[1] (ECF 3). On January 7, 2021, Defendant filed a notice of removal invoking the Court's federal question jurisdiction, asserting

---

[1] Both parties are "property and casualty insurance carriers that focus on the religious nonprofit organization market." (ECF 3 ¶ 23). After a series of lawsuits between the parties, the parties entered into a settlement agreement in 2017 which included an arbitration provision relating to "agency sales issues." (*Id.* ¶¶ 50-51).

that the action "presents a violation of the Lanham Act, 15 U.S.C. § 1125(a)." (ECF 1 at 1; *see* ECF 1 ¶ 74). More specifically, Defendant—relying on *Vaden v. Discovery Bank*, 556 U.S. 40 (2009)—asserted that "the Court must assess subject matter jurisdiction over this arbitration dispute by 'looking through' to the substantive controversy between the parties." (ECF 1 ¶ 6).

On January 27, 2021, Plaintiff filed its motion to remand (ECF 9) and an accompanying brief (ECF 10) asserting that: (1) interpretation of the 2017 Settlement Agreement was a question of state law, and (2) the underlying controversy would not implicate federal law, as the Lanham Act is preempted by the McCarran-Ferguson Act. Pertinent to the present argument, Plaintiff argues that the provision of *Vaden* relied upon by Defendant—that a court "*may* 'look through' a § 4 [of the Federal Arbitration Act ("FAA")] petition'"—makes "clear that the 'look through' framework is a matter of discretion . . . ." (ECF 10 at 9 (quoting *Vaden*, 556 U.S. at 53) (first, third, and fourth alterations in original)). Defendant, in response, argues that Plaintiff misstates the holding of *Vaden*—arguing that the "look through" analysis vis-à-vis a § 4 petition is required. (ECF 20 at 3-4). In it reply, however, Plaintiff argues that the *Vaden* analysis is not mandated here, in part because this case was not brought pursuant to § 4 of the FAA. (ECF 21 at 1-2 (citing *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242 (3d Cir. 2016) (declining to apply the "look through" analysis to a case brought pursuant to § 10 of the FAA))).

Defendant now asserts that Plaintiff's reply argument regarding the applicability of *Vaden* to cases not brought pursuant to § 4 was not initially raised in its motion to remand or accompanying brief. (ECF 22). Accordingly, Defendant seeks leave to file a sur-reply (ECF 22-1) to rebut the supposedly new argument (ECF 22 ¶¶ 8-9). Plaintiff, in turn, contends that a sur-reply is unnecessary as its reply merely expanded on its initial contention—that the *Vaden* "look through" analysis is not mandated here. (ECF 23).

*B. Legal Standard*

The Local Rules permit parties to file a motion, a response, and a reply, but do not contemplate the filing of a sur-reply. *Lafayette Life Ins. Co. v. City of Menasha*, *Wis*., No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (citing N.D. Ind. L.R. 7-1(a)). Accordingly, "[t]his Court generally doesn't permit litigants to file a surreply brief." *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (citation omitted). The Court, however, has allowed a sur-reply when it raises or responds to a new issue or development in the law. *See id*.; *see also Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, No. 2-09-CV-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citation omitted).

*C. Analysis*

In general, Plaintiff' argument in its reply is largely consistent with its initial argument regarding the applicability of *Vaden*. That being said, there are slight nuances differentiating the arguments as raised in Plaintiff's brief (ECF 10) and its reply (ECF 21). For example, in its accompanying brief, Plaintiff emphasizes "the distinct and unique posture of the [parties'] underlying dispute," but its argument is primarily based on the wording of the Supreme Court's decision in *Vaden* and on general "principles and standards regarding removal and remand." (ECF 10 at 9 ("Based on the use of the word 'may,' it is clear that the 'look through' framework is a matter of discretion . . . ."). In its reply, however, Plaintiff focuses primarily on the "statutory language of § 4 of the FAA," and the procedural posture of this case. (ECF 21 at 2-4). While the arguments reach the same conclusion, they reach it by slightly different means. In other words, Plaintiff seems to argue in its brief that *Vaden's* analysis is not mandatory in general, while in its reply Plaintiff argues that *Vaden's* analysis is not mandatory in this instance.

3

Accordingly, the arguments are different enough to permit a sur-reply. As a matter of equity, though, Plaintiff will be permitted to file a sur-response, not to exceed five pages, if it believes it necessary.

*C. Conclusion*

In summary, Defendant's motion seeking the Court's leave to file a sur-reply (ECF 22) is GRANTED. The Clerk is DIRECTED to show Defendant's proposed sur-reply (ECF 22-1) as filed. Plaintiff is afforded to and including April 12, 2021, to file a sur-response, not to exceed five pages, if it deems necessary.

SO ORDERED.

Entered this 5th day of April 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge